UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIMOTHY POWELL,<br><br>  Plaintiff,<br>  v.<br><br>GMAC MORTGAGE, LLC; NOEL MCCORD, ,<br>et al., and DOES 1-100, inclusive,<br><br>  Defendants. | Case No.: 09-CV-04928-LHK<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT |

Plaintiff has brought amended claims alleging violations of federal and California law arising from a residential mortgage transaction against Defendants GMAC Mortgage, LLC (GMAC) and Noel McCord. Plaintiffs' claims were previously dismissed with leave to amend as to GMAC. Because Plaintiff has not remedied the deficiencies in his complaint set forth in the Court's previous Order dismissing the case, and for the reasons set forth below, the Court hereby DISMISSES the complaint WITH PREJUDICE as specified in this Order. Plaintiff is hereby notified that Defendant McCord will be DISMISSED WITHOUT PREJUDICE for failure to serve under Fed. R. Civ. P. 4(m), unless Plaintiff can show good cause why Ms. McCord was not timely served.

**I.  BACKGROUND**

Plaintiff alleges that on October 23, 2006, he obtained a purchase money mortgage loan from Residential Mortgage Capital to finance the purchase of his residence. First Amended

1
Case No.: 09-CV-04928-LHK
ORDER DISMISSING FIRST AMENDED COMPLAINT

1  Complaint (FAC, Dkt. No. 55) at ¶¶ 12-13.  The loan provided $924,000.00 in financing to

2  purchase Plaintiff's home.  FAC ¶ 13.  Plaintiff alleges that Residential and McCord misstated his

3  income on the loan application, contrary to the income information he provided them, and that this

4  resulted in his defaulting on the loan.  FAC ¶¶ 15-17.  Plaintiff further alleges that during the loan

5  application process, he was not given two copies of a Right to Cancel, was rushed through signing

6  the documents, and was not given required disclosures under the Real Estate Settlement Procedures

7  Act ("RESPA").  FAC ¶¶ 18-21.  Plaintiff alleges that Residential assigned all rights under the loan

8  to GMAC on December 1, 2006, and that after this GMAC was the servicer and owner of the loan.

9  FAC ¶ 22.  Finally, Plaintiff alleges that because his income was insufficient to support the loan, he

10  eventually defaulted on the loan and was in default as of February 1, 2009.  FAC ¶ 23.

11  Plaintiff originally asserted twelve causes of action against five different defendants:

12  Residential, GMAC, McCord, PNC Bank, N.A. (PNC), and First Net Mortgage.  *See* Compl. (Dkt.

13  No. 1); Order of May 24, 2010 Dismissing Claims (Dkt. No. 52).  Plaintiff asserted the following

14  claims in his first Complaint:  (1) violation of TILA and the Home Ownership and Equity

15  Protection Act ("HOEPA"); (2) violation of the California Rosenthal Act, Cal. Civ. Code § 1788 *et*

16  *seq.*; (3) violation of RESPA, 12 U.S.C. § 2605 *et seq.*; (4) fraud; (5) breach of fiduciary duty; (6)

17  breach of contract; (7) breach of the covenant of good faith and fair dealing; (8) violation of

18  California Financial Code § 4970 et seq.; (9) violation of California Business and Professions Code

19  § 17200 et seq.; (10) negligence; (11) usury; and (12) accounting.  On November 20, 2009, the

20  Court granted Plaintiff's motion to voluntarily dismiss Defendant Residential without prejudice.

21  PNC and GMAC separately moved to dismiss the claims in the first Complaint.   Plaintiff

22  opposed GMAC's Motion to Dismiss, but did not oppose PNC's Motion.  Judge Fogel (to whom

23  this case was previously assigned) dismissed all of Plaintiff's claims.  May 24, 2010 Order at 16.

24  Because Plaintiff failed to oppose PNC's Motion, leave to amend was denied as to PNC, and this

25  party was dismissed with prejudice on June 22, 2010.  *See* Dkt. No. 56.  Judge Fogel granted

26  Plaintiff leave to amend as to GMAC within thirty days.  May 24, 2010 Order at 16.

27  Plaintiff filed his FAC on June 22, 2010.  *See* FAC, Dkt. No. 55.  The FAC states claims

28  against GMAC and Ms. McCord, based primarily upon the alleged actions of Residential and Ms.

2
Case No.: 09-CV-04928-LHK
ORDER DISMISSING FIRST AMENDED COMPLAINT

1   McCord during the loan origination process (though the FAC does not name Residential as a

2   defendant). In the FAC, Plaintiff re-asserts the causes of action from his first Complaint other than

3   the usury claim. GMAC moved to dismiss the FAC. *See* Mot. to Dismiss FAC (Dkt. No. 58).

4   Plaintiff failed to file an opposition, or a statement of non-opposition under Local Rule 7-3(b), to

5   GMAC's Motion. GMAC served notice that Plaintiff had failed to oppose its motion on October

6   12, 2010. Dkt. No. 64. The Court held a hearing on GMAC's motion on October 27, 2010.

7   Neither Plaintiff nor his counsel attending the hearing.

8        Regarding Defendant McCord, Plaintiff has filed no proof of service on Ms. McCord of

9   notice of this case, and no waiver of service by Ms. McCord.

10   **II.    LEGAL STANDARD**

11        Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if

12   it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the

13   plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl*.

14   *Corp*. *v*. *Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the

15   plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted

16   unlawfully." *Ashcroft v*. *Iqbal*, 129 S. Ct. 1937, 1949 (2009). In deciding whether the plaintiff has

17   stated a claim, the Court must assume the plaintiff's allegations are true and draw all reasonable

18   inferences in the plaintiff's favor. *Usher v*. *City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

19   However, the court is not required to accept as true "allegations that are merely conclusory,

20   unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis*. *Sec*. *Litig*., 536

21   F.3d 1049, 1055 (9th Cir. 2008). Leave to amend must be granted unless it is clear that the

22   complaint's deficiencies cannot be cured by amendment. *Lucas v*. *Dep't*. *of Corr*., 66 F.3d 245,

23   248 (9th Cir. 1995).

24   **III.    ANALYSIS**

25       **a. Dismissal of Defendant McCord for Failure to Serve**

26        Federal Rule of Civil Procedure 4 requires that service of process be made within 120 days

27   after the complaint is filed, and that proof of service be filed with the Court unless waived. Fed.

28   R. Civ. P. 4(l), (m). Ms. McCord was identified as a defendant in the first Complaint, filed on

3

Case No.: 09-CV-04928-LHK
ORDER DISMISSING FIRST AMENDED COMPLAINT

October 16, 2009.  Therefore, the 120 days to serve her expired on February 15, 2010.  Plaintiff has filed no proof of service on Ms. McCord of notice of this lawsuit.  In addition, Plaintiff has missed two deadlines to file an updated Joint Case Management Statement with the Court, as required by the Order Reassigning Case (Dkt. No. 61) and the Clerk's Notice of August 11, 2010 setting a Case Management Conference to follow the hearing on GMAC's Motion.  The Standing Orders of this Court require that all Joint Case Management Statements provide information regarding service of process.  *See* Standing Order at ¶ 1 (Dkt. No. 9, Ex. 3).  Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Because Plaintiff has failed to file proof of service of process on Ms. McCord, and has failed multiple times to comply with the Standing Order requiring that Plaintiff inform the Court regarding service, the Court hereby notifies Plaintiff that it will DISMISS Defendant McCord WITHOUT PREJUDICE unless Plaintiff can show good cause why he has failed to serve Ms. McCord.  Plaintiff shall make this showing in a written submission to the Court, not to exceed 5 pages, by **Monday, November 8, 2010**.

### b.   Dismissal for Failure to State a Claim Against GMAC

In his FAC, Plaintiff has, for the most part, taken the claims previously rejected by Judge Fogel and re-asserted them against GMAC.  Judge Fogel previously ruled that "the Court has grave reservations as to whether Plaintiff can state viable claims for relief against GMAC.  Among other things, Plaintiff has not alleged an ability to tender [and] many of Plaintiff's claims appear to be time-barred. . . ."  May 24, 2010 Order at 5.  Rather than addressing these specified shortcomings, Plaintiff's FAC appears to ignore them.  As addressed in detail below, the FAC fails to state a viable claim against GMAC.  In light of Plaintiff's failure to oppose GMAC's Motion to Dismiss, and because the Court concludes that it would be futile to provide Plaintiff with another opportunity to amend, the Court DISMISSES Plaintiff's claims WITH PREJUDICE, as specified below.

### i. TILA and HOEPA Damages Claim

As Judge Fogel previously held, money damages claims under both TILA and HOEPA are limited by a one-year statute of limitations. Because Plaintiff alleges that Residential failed to make certain disclosures when the loan was finalized, this period begins running the date the loan issued. *See* May 24, 2010 Order at 6; 15 U.S.C. § 1640(e). Plaintiff alleges that the loan transaction closed on October 23, 2006, meaning that the limitations period expired a year later, on October 23, 2007. SAC ¶ 12. Plaintiff did not file his first Complaint until October 16, 2009. While Plaintiff alleges conclusorily that "[t]he one year statute of limitations as to Plaintiff's TILLA (*sic*) and HOEPA claims is tolled," he provides no factual basis for equitably tolling the one-year limitations period. FAC ¶ 26.

Equitable tolling of TILA and HOEPA claims can extend the one-year limitations period, but such tolling is only available if "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). Because Plaintiffs' TILA and HOEPA claims are based on allegations that Residential and McCord failed to make certain required disclosures, the information underlying Plaintiff's claims was in his possession when the documents were signed. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (affirming summary judgment finding no equitable tolling of TILA claims, when claims were based on a failure to disclose information that was apparent from the face of the loan papers, because plaintiffs failed to allege any reason the claims were not discoverable). Plaintiff has provided no reason to extend the limitations period for his claim. As with PNC's previous motion to dismiss, Plaintiff has not opposed GMAC's motion attacking the FAC for failure to allege facts indicating when he discovered the alleged fraud or non-disclosures. Accordingly, the Court finds that Plaintiff's TILA and HOEPA damages claims are time-barred and that providing leave to amend would be futile. Plaintiff's TILA and HOEPA damages claims are therefore DISMISSED WITH PREJUDICE.

### ii. TILA Rescission Claim

In rejecting Plaintiff's claim for rescission from the first Complaint, Judge Fogel noted that rescission is not available for the $924,000 loan because it was a purchase money mortgage, and

5
Case No.: 09-CV-04928-LHK
ORDER DISMISSING FIRST AMENDED COMPLAINT

such mortgages may not be rescinded under TILA. *See* May 24, 2010 Order at 6. The May 24, 2010 Order held that TILA clearly excludes purchase money mortgages from the class of mortgages that can be rescinded:

> Residential mortgage transactions are expressly excluded from TILA's rescission provisions. See 15 U.S.C. § 1635(e)(1). A "residential mortgage transaction" is defined by 15 U.S.C. § 1602(w) to include "a mortgage, deed of trust, . . . or equivalent consensual security interest . . . created . . . against the consumer's dwelling to finance the acquisition . . . of such dwelling." Thus, while home equity loans and refinancing transactions could be amenable to rescission, Plaintiff's purchase money mortgage is not.

May 24, 2010 Order at 6 (citing *Watts v. Decision One Mortg. Co.*, No. 09 CV 0043 JM (BLM), 2009 WL 1657424 at *3 (S.D. Cal. June 11, 2009).

Despite this guidance, Plaintiff has reasserted his TILA rescission claim in the FAC. Plaintiff's loan is no more subject to TILA rescission now than it was previously, however. Thus, the Court DISMISSES this claim WITH PREJUDICE, as it would be futile to provide Plaintiff with another opportunity to amend this claim.

### iii. California Rosenthal Fair Debt Collection Practices Act Claim

The Rosenthal Act prohibits "debt collectors from engaging in unfair or deceptive practices in the collection of consumer debts . . . ." Cal. Civ. Code § 1788.1(b). In the FAC, Plaintiff alleges only that "from 2/1/09 GMAC committed acts against Plaintiff that violated the Rosenthal Act. Defendant GMAC's actions that were in violation of the Rosenthal Act consisted of GMAC threatening to take actions not permitted by law, including but not limited to the following: Making false reports to credit reporting agencies, foreclosing upon a void security interest, falsely stating the amount of a debt, increasing the amount of a debt by including amounts that are not permitted by law or contract, and using unfair and unconscionable means in an attempt to collect a debt." FAC ¶¶ 59-60. Beyond these conclusory statements, Plaintiff makes no specific, factual allegations about the actions taken by GMAC that constituted the alleged violations. For example, Plaintiff does not say when GMAC made any false report to a credit reporting agency, what agency it was made to, or what the contents of the alleged report was. He does not identify the allegedly void security interest or when or how GMAC foreclosed upon it. He does not state when or how GMAC falsely stated the amount of a debt, or identify the debt that was falsely described. And he

6
Case No.: 09-CV-04928-LHK
ORDER DISMISSING FIRST AMENDED COMPLAINT

1   does not explain when or how GMAC used unfair or unconscionable means in an attempt to collect

2   a debt.  Such conclusory allegations, which do little more than recite prohibited acts from the

3   statute without any factual basis to suggest that GMAC actually committed these acts, fail to state a

4   claim, as they do not add up to "more than a sheer possibility that a defendant has acted

5   unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Accordingly, Plaintiff's Rosenthal

6   Act claims are DISMISSED WITH PREJUDICE as to GMAC.

### iv. RESPA Claim

Plaintiff has added very little to his RESPA claims as asserted in his first Complaint, despite Judge Fogel's previous Order which found that "at best, Plaintiff's allegations are threadbare recitals of RESPA's statutory prohibitions without any mention of facts particular to Plaintiff's claim."  May 24, 2010 Order at 10.  Plaintiff attempts to allege violations of 12 U.S.C. §§ 2607-08, by making conclusory allegations that Residential and Ms. McCord provided an illegal "kickback" in negotiating Plaintiff's mortgage loan, and required that title insurance be purchased from a particular title insurance company.  These sections of RESPA are subject to a one-year statute of limitations that runs "from the date of the occurrence of the violation."  12 U.S.C. § 2614.  While Plaintiff alleges that this limitations period should be tolled based on equitable tolling, he alleges insufficient facts to support this contention.  Plaintiff alleges his claims are

> . . . based on various fraudulent acts committed by Defendants GMAC and McCORD, such as the making of material misrepresentations as to Plaintiff's true income.  These material misrepresentations concealed the fact that Residential Mortgage Capital and McCORD were committing fraud by inflating Plaintiff's income.  Because Plaintiff had no way of finding out about the fraud until his Property became in default on 2/1/09 (over two years from the closing of the loan), Plaintiff had no reason to assert claims with in (*sic*) a year of closing.  Plaintiff was simply and reasonably not aware of any violations at that time.

FAC at ¶¶ 65.

Plaintiff makes no effort to tie his allegations of fraud (which are, in any event, insufficient as to GMAC, as discussed below) to the alleged RESPA violations, or to explain why the alleged fraud made it impossible for him to bring his RESPA claims timely.  There is no reason to extend the limitations period for claims regarding the alleged kickback scheme or title insurance requirement based on the alleged misstatements regarding Plaintiff's income.  Plaintiff did not

7

Case No.: 09-CV-04928-LHK
ORDER DISMISSING FIRST AMENDED COMPLAINT

1    oppose GMAC's motion to dismiss these claims, which raised this limitations period bar.

2    Accordingly, Plaintiff's claims based on violations of 12 U.S.C. §§ 2607-08 are DISMISSED as

3    they are time-barred. Because Plaintiff was previously provided with leave to amend these claims,

4    and failed to successfully state a claim, and because Plaintiff failed to oppose GMAC's motion to

5    dismiss, the Court concludes that leave to amend would be futile. Thus, these claims are dismissed

6    WITH PREJUDICE.

7          Plaintiff has also attempted to state a claim for violation of 12 U.S.C. § 1203, for failure to

8    provide an initial and final good faith estimate. Plaintiff does not identify *what* estimate was not

9    provided. Certain estimated fees, such as reconveyance and demand fees, are not covered by

10   RESPA. *Bloom v. Martin*, 77 F.3d 318, 321 (9th Cir. 1996). Since Plaintiff has twice failed to

11   specify what good faith estimates were not provided to him, and because the Plaintiff has failed to

12   oppose two motions to dismiss this claim, the Court concludes that it would be futile to provide

13   further opportunities to amend. Thus, Plaintiff's claim for violation of 12 U.S.C. § 1203 is

14   DISMISSED with PREJUDICE.

15         For similar reasons, the Court also dismisses Plaintiff's claim that Residential failed to

16   respond to a Qualified Written Request, in violation of 12 U.S.C. § 2605. As Judge Fogel

17   previously held, Plaintiff "does not allege when he sent the QWR, or its contents, or the method by

18   which it was sent." Plaintiff has not cured these defects in the FAC, alleging only that "Plaintiff

19   sent Qualified Written Requests requesting loan modification to Residential Mortgage Capital.

20   Residential Mortgage Capital violated RESPA . . . by failing and refusing to provide a proper

21   written explanation or response to Plaintiff's Qualified Written Requests." FAC ¶ 76. RESPA

22   defines a Qualified Written Request as a request that "includes a statement of the reasons for the

23   belief of the borrower, to the extent applicable, that the account is in error or provides sufficient

24   detail to the servicer regarding other information sought by the borrower." Numerous courts have

25   held that requests for loan modification are not Qualified Written Requests under RESPA. *See*,

26   *e.g.*, *Cruz v. Mortg. Lenders Network, USA*, No. 09-CV-1679 BEN (AJB), 2010 U.S. Dist. LEXIS

27   99025 *6-*7 (S.D. Cal. Sept. 20, 2010) (citing cases). Since the minimal detail Plaintiff has added

28   to his complaint indicates that he did not send a Qualified Written Request, and because Plaintiff

1   has twice failed to oppose a motion to dismiss this claim, the Court concludes that further leave to
2   amend would be futile and DISMISSES this claim WITH PREJUDICE.

3   Plaintiff has also attempted to state claims under 12 U.S.C. § 2605(a).  First, he alleges that
4   "in the course and conduct of offering and making the RESPA mortgage loan to Plaintiff,
5   Residential Mortgage Capital and Defendant McCORD violated the requirements of RESPA §
6   2605(a) by failing to provide Plaintiff with Notice of Assignment, Sale or Transfer of Servicing
7   Rights; and an Escrow Account Disclosure."  FAC ¶ 71.  Plaintiff further alleges that "Residential
8   Mortgage Capital sold and transferred the loan of $924,000.00 to Defendant GMAC on or around
9   12/1/06.  At that point in time, it is believed and alleged by Plaintiff that Plaintiff failed to receive a
10  Notice of Sale or Transfer of Servicing Rights by Residential Mortgage Capital and GMAC."  FAC
11  ¶ 72.  Plaintiff's claim against Residential and Ms. McCord, while conclusory, is at least concrete;
12  but his claim as to GMAC is stated tentatively on the basis of Plaintiff's "belief" that he failed to
13  receive a notice of sale or transfer.  Defendant GMAC moved to dismiss this claim on the basis that
14  it was directed at Residential, and was overly conclusory, and Plaintiff failed to oppose this motion.
15  In light of Plaintiff's failure to state particular facts in support of this claim in the FAC, the Court
16  concludes that further leave to amend would be futile, and therefore this claim is DISMISSED with
17  PREJUDICE as to GMAC.

18  Finally, Plaintiff claims that "Residential Mortgage Capital and Defendant McCORD have
19  engaged in a pattern or practice of non-compliance with the requirements of the mortgage services
20  provisions of RESPA as set forth in U.S.C.A. § 2605 and that "[p]ursuant to 15 USC 1641(d)(1):
21  As the current owner and servicer of the loan, GMAC is liable for Residential Mortgage Capital's
22  violations listed above under this cause of action."  FAC ¶¶ 77-78.  Plaintiff cites no applicable
23  authority for the proposition that GMAC should be liable for any RESPA violations committed by
24  the originator, Residential, during the loan's origination.  The code section Plaintiff cites is a TILA
25  provision, not a RESPA provision.  In Judge Fogel's Order dismissing the first Complaint, the
26  Plaintiff was warned that conclusory arguments that GMAC was vicariously liable for the actions
27  of the loan originators, presented without any legal support, were insufficient.  May 24, 2010 Order
28  at 5.  Plaintiff has failed to advance his claim for GMAC's vicarious liability out of the realm of

9
Case No.: 09-CV-04928-LHK
ORDER DISMISSING FIRST AMENDED COMPLAINT

"speculation." Furthermore, Plaintiff failed to oppose GMAC's Motion to Dismiss this claim. The Court concludes that further leave to amend this claim as to GMAC would be futile. Therefore, this claim is hereby DISMISSED with PREJUDICE as to GMAC.

### v. Fraud Claim

Plaintiff's fraud allegations are based only on the actions of Residential and Ms. McCord. Beyond stating the conclusion that "Defendant[] GMAC . . . committed fraud," and that because GMAC was assigned the loan from Residential, "Defendant GMAC is therefore liable for the fraudulent acts committed by Residential Mortgage Capital listed herein," Plaintiff makes no specific claim of any misrepresentation, scienter, or intent on GMAC's part, or any related justifiable reliance or resulting damage on his own part. Plaintiff has alleged no facts or legal support as to why GMAC should be held liable for the alleged fraudulent conduct of Residential or Ms. McCord. Because Plaintiff was previously warned against making claims of GMAC's vicarious liability without any legal support, and has failed to address this deficiency, and because Plaintiff failed to oppose GMAC's motion to dismiss this claim, the Court finds that further leave to amend this claim would be futile and hereby DISMISSES with PREJUDICE.

### vi. Breach of Fiduciary Duty Claim

In the first Order dismissing Plaintiff's claims, Judge Fogel held that Plaintiff's breach of fiduciary duty claims against PNC could not succeed because "it is well established that a 'lender owes no duty of care to a borrower when the institution's involvement in the transaction does not exceed the scope of its conventional role as a mere lender of money.'" May 24, 2010 Order at 11 (citing cases). Plaintiff, apparently ignoring this ruling, has re-asserted this claim against GMAC. While Plaintiff asserts that his relationship with Residential was "more than one of a bank and a depositor," the only facts presented in support of this are that Plaintiff filled out a loan application and presented it to Residential. FAC ¶ 98. Plaintiff alleged no fiduciary relationship between GMAC (the one Defendant properly in the case at this stage) and himself. Instead, Plaintiff again asserts that because GMAC was assigned Residential's interest in the loan, it became liable for the alleged fiduciary breach of Residential. Plaintiff's pleading fail to allege that GMAC is anything other than a traditional lender, not subject to a duty of care. Since the previous Dismissal Order

10
Case No.: 09-CV-04928-LHK
ORDER DISMISSING FIRST AMENDED COMPLAINT

raised this issue, and Plaintiff has failed to address it, the Court finds that this claim cannot be cured and therefore DISMISSES it WITH PREJUDICE.

### i. Breach of Contract and Covenant of Good Faith and Fair Dealing

For similar reasons to those stated above, Plaintiff has failed to state a claim as to GMAC for both breach of contract and breach of the covenant of good faith and fair dealing. For both claims, Plaintiff alleges that he entered a contract with Residential and Ms. McCord "to deny or provide Plaintiff with a loan based upon Plaintiff's current and expected income, current obligations, and employment status" and to "act in the best interest of Plaintiff as Plaintiff's mortgage broker and to aide Plaintiff in the process of securing an affordable loan." FAC ¶¶ 111-113. Plaintiff does not attach a copy of the alleged contracts giving rise to these obligations to the complaint. As Judge Fogel previously noted, "[w]ithout alleging facts that make the existence of a contract to provide an affordable loan plausible, plaintiff cannot state a claim for breach of contract." May 24, 2010 Order at 12 (citing *Blanco v. Am. Home Mortg. Serv., Inc.*, No. CIV. 2:09-578 WBS DAD, 2009 WL 4674904 at *7 (E.D. Cal. Dec. 4, 2009). Plaintiff has failed to advance these claims beyond the vague speculations that previously caused their dismissal. In fact, Plaintiff's claims are now even more attenuated, as neither Residential nor McCord are properly before the Court at this time. As to GMAC, the one Defendant who was both named and served, Plaintiff has failed to allege facts to state a claim for either cause of action.

Beyond stating that "Defendant[] GMAC . . . entered into a contract with Plaintiff whereby Defendant[] GMAC . . . breached said contract with Plaintiff," Plaintiff alleges no facts suggesting that he actually entered into a contract with GMAC that was breached by GMAC. Instead, Plaintiff again asserts in conclusory fashion that GMAC is "liable for Residential Mortgage Capital's breach of contract listed herein." FAC ¶ 118. As Judge Fogel previously held, GMAC cannot be liable for breach of contract unless Plaintiff can allege facts supporting the existence of a contract, plaintiff's performance or excuse for nonperformance, defendant's breach, and resulting damages. *See* May 24, 2010 Order at 11. Likewise, GMAC cannot be liable for a breach of the covenant of good faith and fair dealing without a valid contract, as this covenant is an implied contract term. See May 24, 2010 Order at 12. Plaintiff has provided no basis to find GMAC liable for the alleged

11
Case No.: 09-CV-04928-LHK
ORDER DISMISSING FIRST AMENDED COMPLAINT

contracts with Residential or McCord, particularly as his allegations as to those parties are insufficient. Because Plaintiff has failed to amend to state a valid claim for either breach of contract or breach of the covenant of good faith and fair dealing, and because Plaintiff failed to oppose GMAC's Motion to Dismiss these claims, the Court finds that further leave to amend would be futile. Accordingly, these claims are DISMISSED with PREJUDICE as to GMAC.

### ii. Predatory Lending

Plaintiff's first Predatory Lending claim was dismissed by Judge Fogel based in part on Plaintiff's failure to allege that the loan at issue is a "covered loan" under the California Predatory Lending law, Cal. Fin. Code § 4970(b). *See* May 24, 2010 Order at 13. The statute defines "covered loan" as "a consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust." Cal. Fin. Code § 4970(b). In its Motion to Dismiss, GMAC argues that because the conforming loan limit was $417,000 in 2006[1], Plaintiff's loan for $924,000 is not a "covered loan." GMAC is correct. Thus, Plaintiff cannot state a claim under this statute for this loan. Because the Court concludes that leave to amend this claim would be futile, this claim is hereby DISMISSED with PREJUDICE.

### iii. California Business and Professions Code § 17200

As with nearly all of his other claims, Plaintiff's § 17200 claim rests on conclusory allegations regarding the conduct of Residential and Ms. McCord. Plaintiff's only allegation regarding GMAC is that it was assigned the loan in December, 2006 and is therefore "liable for Residential Mortgage Capital's acts in violation of § 17200 listed above." FAC ¶ 154. Plaintiff makes no allegation that Residential's alleged act of falsifying Plaintiff's income on the loan application was even known to GMAC. Plaintiff has simply failed to allege any nexus between the alleged acts of Residential and Ms. McCord on one hand, and those of GMAC on the other, supporting this claim for vicarious liability for § 17200 violations. In light of Plaintiff's failure to

---

[1] Fannie Mae, Historical Conventional Loan Limits, http://www.fanniemae.com/aboutfm/pdf/historicalloanlimits.pdf;jsessionid=IUCB2BTK0H0TXJ2FQSHSFGI (last visited October 28, 2010).

12
Case No.: 09-CV-04928-LHK
ORDER DISMISSING FIRST AMENDED COMPLAINT

oppose GMAC's Motion to Dismiss, and his failure to amend his claims after Judge Fogel dismissed them as being "purely conclusory," the Court concludes that leave to amend would be futile. Therefore, Plaintiff's § 17200 claim is hereby DISMISSED with PREJUDICE as to GMAC.

### iv. Negligence

A claim for negligence requires Plaintiff to sufficiently allege that the defendant owed plaintiff a duty of care. *See* May 24, 2010 Order at 14. Plaintiff has failed to allege that GMAC owed him such a duty. As Judge Fogel previously held, "[l]iability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" May 24, 2010 Order at 15; *Nymark v. Heart Fed. Sav. & Loan Ass'n.*, 231 Cal. App. 3d 1089, 1096 (1991). Plaintiff alleges only that "Residential Mortgage Capital owed a duty of care to Plaintiff . The duty was to perform the acts of lenders in such a manner as to not cause Plaintiff harm." FAC ¶ 161. Later, Plaintiff alleges that "GMAC is currently the owner and servicer of said loan. Therefore, GMAC is held vicariously liable for Residential Mortgage Capital's negligence listed above." Plaintiff has failed to sufficiently allege that either GMAC or Residential owed any duty to him, as based on Plaintiff's allegations, it appears that both entities acted only as traditional lenders. The Court finds that further leave to amend this claim would be futile. Therefore, Plaintiff's claim for negligence is hereby DISMISSED with PREJUDICE.

### v. Accounting

Plaintiff previously asserted a claim for an accounting against all of the defendants named in his first Complaint. In dismissing this claim, Judge Fogel held that "[a] cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." May 24, 2010 Order at 16. Plaintiff's FAC alleges that a fiduciary duty existed between Plaintiff and Residential and between Plaintiff and McCord (though he does not explain what this duty was). FAC ¶ 170. Plaintiff then repeats his fraud allegations (which, as discussed above, fail to state a claim against defendant GMAC). FAC ¶ 171. Finally, Plaintiff claims that after Residential assigned the mortgage to GMAC, "Plaintiff made periodic payments to GMAC,

13

and GMAC received said payments . . . the access amount paid in this fraudulent loan compared to a loan that Plaintiff would have qualified for is unknown.  Any additional amount owed from GMAC to Plaintiff directly due to Defendant's fraud is also unknown." FAC ¶ 172.  As in the first Complaint, Plaintiff has failed to allege that GMAC owes Plaintiff any fiduciary duty that requires an accounting, and that GMAC owes any balance that can only be ascertained by an accounting. Plaintiff's vague assertion that he paid to GMAC an "access amount" in excess of what he would have paid under different circumstances is vague and is untethered to any alleged fiduciary duty owed by GMAC to Plaintiff.  In essence, Plaintiff's accounting claim appears to seek a computation of damages under his fraud, fiduciary duty, contract, good faith and fair dealing, and negligence claims.  Plaintiff has failed to cure the defects leading to dismissal of his first accounting claim.  Accordingly, this claim is dismissed WITH PREJUDICE.

## IV.     CONCLUSION

For the reasons recited above, the Court hereby DISMISSES Plaintiff's FAC WITH PREJUDICE.  The Court will DISMISS Defendant McCord WITHOUT PREJUDICE unless Plaintiff can show good cause why he has failed to serve Ms. McCord.  Plaintiff shall make this showing in a written submission to the Court, not to exceed 5 pages, by **Monday, November 8, 2010**.

**IT IS SO ORDERED.**

Dated: November 1, 2010

_____
LUCY H. KOH
United States District Judge

14
Case No.: 09-CV-04928-LHK
ORDER DISMISSING FIRST AMENDED COMPLAINT